### In the Matter of the ESTATE OF Helen Mitchell STEIN, Deceased.

### Mary L. Stein, Florence M. Stein and Leon P. Stein, Appellants (Petitioners-Below).

#### No. 1–1281A372.

Court of Appeals of Indiana, First District.

Dec. 8, 1982.

Rehearing Denied Jan. 4, 1983.

Transfer Denied March 28, 1983.

---

was admitted to probate, but the two codicils were inadmissible because they had not been witnessed. Robert's brothers and sisters were surprised to learn at the time of his death that he had married Helen Mitchell Stein in 1937. The marriage was kept secret and each lived in separate homes. Robert's relatives knew Helen and Robert had dated over the years, but the fact that they were married was never divulged during Robert's lifetime. Robert's will devised certain real estate and personal property to Helen. A subsequent item in his will provided that after Helen's death the remaining portion of his estate would revert to his brothers and sisters. The two codicils attempted to modify the will by saying that the realty left to Helen would not be sold during her lifetime without his brother's consent. Additionally, insofar as relevant to this appeal, adjustments were made regarding the payment of insurance proceeds to Helen.

In August, 1955, Helen and Robert's surviving brother and sisters entered into an agreement relative to the distribution of the assets of his estate. Pertinent portions of that agreement read:

Whereas, Robert E. Stein of New Albany, Floyd County, Indiana died on the 30th day of September, 1954, and left a Last Will which has been duly admitted to probate in the Floyd Circuit Court of Indiana; and

Whereas all the parties to this agreement were named as the only beneficiaries under the Last Will of said Robert E. Stein, deceased; and

Whereas the said Robert E. Stein left a codicil to said will which codicil was not duly witnessed as required by statutes and hence not subject to probate; and

Whereas all the parties hereto are desirous of following the terms of this said codicil and to divide the estate in the manner indicated by the deceased in said codicil.

\* \* \* \* \* \*

Helen I. Stein, the widow of the deceased, is to receive all the stocks and bonds held by deceased at the time of his

Robert A. Kelso, New Albany, for appellants.

Barnes & Thornburg, Indianapolis, Cody & Cody, New Albany, John J. Ford, Louisville, Ky., Orbison, O'Connor, MacGregor & Mattox, Nicholas F. Stein, New Albany, for appellees.

ROBERTSON, Judge.

The petitioners-appellants, Florence, Leon, and Mary Stein, are appealing a trial court decision adverse to their interests in an action to construe the wills of their brother, Robert Stein, and of their sister-in-law and Robert's wife, Helen Mitchell Stein. We affirm.

A summary of the facts shows that Robert E. Stein died in September, 1954. At the time of his death, he left a will dated in October, 1949, and two codicils dated February, 1950, and September, 1951. The will

death. She is also to receive the real property located at 109–111 East Main Street, New Albany, Indiana, which is more fully described in the inventory filed in said estate. She is also to receive all the Life Insurance payable to her as beneficiary of said policies. She is also to receive ⅛th of the amount received from the sale of the business known as Stein Wall Paper Store.

\* \* \* \* \* \*

All of the parties hereto mutually agree to accept the distribution as set out in this agreement and hereby mutually release each other from any and all claims of any kind or character which they or any of them may have by reason of any matter or thing whatsoever, and, on the distribution of the estate of Robert E. Stein, deceased, and the Administrator, C/T/A thereof, shall be released from all claims and demands of whatsoever nature.

The agreement was signed by all parties and approved by the court having probate jurisdiction over Robert's estate. The estate was administered in accordance with the agreement.

Helen died in May, 1973, leaving a will which disposed of property she received from Robert's estate. The respondents herein were beneficiaries of her estate. The estate was administered, distribution made, and the executor discharged in February, 1974.[1]

In January, 1981, the petitioners filed an action, pursuant to Ind.Code 29–1–6–5, to construe the wills of Robert and Helen Mitchell Stein, on the theory that they had a remainder interest in the property devised to Helen by Robert.

After a bench trial, the trial judge entered a general judgment dismissing the complaint with prejudice. The petitioner's motion to correct errors made the broad allegation that the decision was erroneous and contrary to law. The issue can be summarized as whether error existed in preventing the petitioners from recovering a vested inheritance. Stated differently, did the 1955 agreement void Robert's intent to give Helen a life estate in the property devised to her in his will? We are of the opinion that it did.

IC 29–1–9–2, *et seq.,* provides a procedure to compromise will contests or controversies in probate matters. It has been held that such agreements are favored by the courts and that compromise and avoidance of litigation is sufficient consideration to uphold a family settlement. Unless it is the result of fraud, mistake, or otherwise improper, the compromise agreement is binding. *Apple v. Apple* (1971), 149 Ind.App. 529, 274 N.E.2d 402. According to IC 29–1–9–1, the agreement must be in writing, signed by all beneficiaries, and approved by the court. *Matter of Estate of Garwood* (1980), Ind., 400 N.E.2d 758.

The appellants argue along a general line that the vesting of estates should not be hindered or frustrated. We agree with this argument as far as it goes, however, it does not take into account the use of a statutorily approved procedure to change the effect of a will.

In this case there is nothing to demonstrate that the procedure followed by the heirs in 1955 should be voided. The 1955 agreement vested real and personal property in Helen Stein and extinguished the life estate provisions expressed in Robert's will. It was done with the knowledge and consent of all involved and approved by the court. It is in compliance with the statute and binding upon the beneficiaries.

Judgment affirmed.

RATLIFF, P.J., and NEAL, J., concur.

---

1. Helen's will created a trust to provide for the care of her dogs with a trustee holding the assets until the last dog died and then distribution was to be made according to her will. The last dog died in January, 1981.